**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHANIE SHAPLLO, | : | CIVIL ACTION NO. |
| | : | 1:26-cv-01301-JPW |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| PENN STATE HEALTH MEDICAL GROUP, LLC, | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| Defendant | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, PENN STATE HEALTH MEDICAL GROUP, LLC, TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant, Penn State Health Medical Group, LLC ("Defendant"), by and through its attorneys, submits the following as its Answer and Affirmative Defenses to the Third Amended Complaint of Plaintiff, Stephanie Shapllo ("Plaintiff"), in the above-captioned matter.

## I. PARTIES

1. Defendant admits only that Plaintiff is Stephanie Shapllo, and that Plaintiff was employed by Defendant during the times relevant to this action. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 as to Plaintiff's residence. Defendant denies Plaintiff's remaining allegations.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and they are denied. The allegations further constitute legal conclusions to which no response is required. To the extent a response is required, it is denied.

3. Defendant admits only that Penn State Health Medical Group, LLC, is a limited liability company with a principal place of business at 100 Crystal A Drive, Hershey, Pennsylvania 17033, and that it previously used the name Penn State Health Community Medical Group, LLC. The remaining allegations are legal conclusions to which no responsive pleading is required. To the extent a response is required, it is denied.

4. Denied as stated. Defendant admits only that it is part of Penn State Health, a multi-hospital health system.

5. Denied as stated. Defendant admits only that Penn State Health Medical Group, LLC, is owned and operated by Penn State Health.

6. Denied as stated. Defendant admits only that it is a clinic/group practice operating in Pennsylvania under the Penn State Health name and branding. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 as they related to the Center for Medicare & Medicaid Services.

7. Denied as stated. Defendant admits only that Plaintiff worked at Penn State Health Progress Outpatient Center Cardiology clinic.

8. Denied as stated. Defendant admits only that Plaintiff worked at Penn State Health Progress Outpatient Center Cardiology clinic as a Registered Nurse.

9. The allegations in Paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, it is denied.

10. The allegations in Paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, it is denied.

11. The allegations in Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, it is denied.

12. Defendant admits only that it is an "employer" under the Americans With Disabilities Act ("ADA") and Pennsylvania Human Relations Act ("PHRA"). The remaining allegations in Paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, it is denied.

## II. JURISDICTION AND VENUE

13. Defendant admits that this Court has federal question jurisdiction over ADA claims and may exercise supplemental jurisdiction over related state-law claims. Defendant denies any implication that jurisdiction exists over all claims as pled and denies the remaining allegations of Paragraph 13.

14. Defendant admits only that Defendant operates at 20 Capital Dr., Harrisburg, PA 17110. Defendant denies any improper actions occurred.

## III. FACTS

15. Defendant admits only that Plaintiff began employment in or about June 2025 as a Registered Nurse. The remaining allegations of Paragraph 15 are denied.

16. Denied.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical conditions in Paragraph 17 and they are denied.

18. Admitted.

19. Denied.

20. Denied.

21. Defendant admits only that Plaintiff's supervisor approved PTO requests. Defendant otherwise denies the allegations in Paragraph 21.

22. Defendant admits only that Plaintiff's supervisor raised concerns about Plaintiff's PTO usage. The remaining allegations in Paragraph 22 are denied.

23. Defendant admits only that Plaintiff's supervisor was the individual approving Plaintiff's PTO requests. The remaining allegations in Paragraph 23 are denied.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of what Plaintiff "understood." The allegations are denied.

25. Admitted.

26. Admitted only that Plaintiff's request for reasonable accommodations was as alleged in Paragraph 26. Defendant otherwise denies the allegations.

27. Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27 as they relate to what Plaintiff was "aware" of. The remaining allegations constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

28. Denied.

29. Denied.

30. Denied.

31. The allegations in Paragraph 31 constitute conclusions of law to which no response is required. To the extent a response is required, they are denied.

32. The allegations in Paragraph 32 constitute conclusions of law to which no response is required. To the extent a response is required, they are denied.

33. Denied.

34. The allegations in Paragraph 34 constitute conclusions of law to which no response is required. To the extent a response is required, they are denied.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and they are denied.

36. The allegations in Paragraph 36 constitute conclusions of law to which no response is required. To the extent a response is required, they are denied.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and they are denied.

38. Admitted only that Kane notified Plaintiff her request for accommodations was denied. The remaining allegations are denied.

39. Denied.

40. Denied.

41. Denied.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and they are denied. The allegations in Paragraph 42 further constitute conclusions of law to which no response is required. To the extent a response is required, they are denied.

43. Denied.

44. Denied.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and the allegations are denied.

46. Defendant admits only that Plaintiff was escorted from the facility. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and the allegations are denied.

47. Admitted.

48. Defendant admits Plaintiff's employment was terminated on November 14, 2025. The remaining allegations are denied.

## IV. ADMINISTRATIVE EXHAUSTION

49. Defendant admits only that Plaintiff filed a Charge of Discrimination with the EEOC which was dual filed with the PHRC. Defendant denies any discriminatory or retaliatory conduct occurred.

50. Admitted.

## V. STATEMENT OF CLAIMS

### COUNT I:
### ADEA VIOLATIONS
### FAILURE TO ACCOMMODATE PURSUANT TO THE ADA AND PHRA

51. Defendant's responses to Paragraphs 1-50 of the Third Amended Complaint are incorporated by reference herein as though fully set forth in their entirety.

52. The allegations in Paragraph 52 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, they are denied.

53. The allegations in Paragraph 53 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, they are denied.

54. Denied.

55. Admitted only that Plaintiff requested disability-related accommodations on the referenced date. The remaining allegations in Paragraph 55 are denied.

56. Denied.

57. Admitted.

58. The allegations in Paragraph 58 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, they are denied.

59. The allegations in Paragraph 59 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

60. Denied.

**COUNT II:**
**RETALIATION AGAINST PLAINTIFF PURSUANT TO THE ADA AND PHRA**

61. Defendant's responses to Paragraphs 1-60 of the Third Amended Complaint are incorporated by reference herein as though fully set forth in their entirety.

62. The allegations in Paragraph 62 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

63. Defendant admits only that Plaintiff was placed on administrative leave and terminated. The remaining allegations in Paragraph 63 are denied.

64. The allegations in Paragraph 64 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

65. The allegations in Paragraph 65 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

66. The allegations in Paragraph 66 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

67. Denied.

**COUNT III:**
**VIOLATION OF PENNSYLVANIA WHISTLEBLOWER ACT**
**43 Pa. C.S.A. § 1423**

68. Defendant's responses to Paragraphs 1-67 of the Third Amended Complaint are incorporated by reference herein as though fully set forth in their entirety.

69. The allegations in Paragraph 69 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

70. The allegations in Paragraph 70 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and they are denied.

72. The allegations in Paragraph 72 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

73. Denied.

74. The allegations in Paragraph 74 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

75. The allegations in Paragraph 75 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

76. The allegations in Paragraph 76 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

77. Denied.

## COUNT IV: VIOLATION OF THE MCARE ACT 40 Pa. C.S.A. § 1303.308(c)

78. Defendant's responses to Paragraphs 1-77 of the Third Amended Complaint are incorporated by reference herein as though fully set forth in their entirety.

79. The allegations in Paragraph 79 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

80. The allegations in Paragraph 80 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

81. The allegations in Paragraph 81 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

82. The allegations in Paragraph 82 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

83. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and they are denied.

84. The allegations in Paragraph 84 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

85. The allegations in Paragraph 85 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

86. The allegations in Paragraph 86 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

87. The allegations in Paragraph 87 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

88. Denied.

With respect to the unnumbered paragraph after Paragraph 88 beginning "**WHEREFORE,**" Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant is not liable to Plaintiff

**FIRST DEFENSE**

The Third Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Subject to discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, justification, waiver and estoppel.

**THIRD DEFENSE**

Subject to discovery, Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**FOURTH DEFENSE**

Defendant did not discriminate against and did not retaliate against Plaintiff. Defendant did not violate any of Plaintiff's rights or harm her in any way. To the contrary, Defendant at all times acted lawfully toward Plaintiff.

**FIFTH DEFENSE**

All actions taken by Defendant with respect to Plaintiff were made in good faith, without malice, ill-will or reckless indifference and were not willful or outrageous. Defendant had reasonable grounds for believing that its conduct did not violate any laws.

**SIXTH DEFENSE**

Plaintiff's own conduct caused or otherwise contributed to the actions of which she now complains. Plaintiff assumed the risk of her own conduct in this matter.

**SEVENTH DEFENSE**

Plaintiff is not entitled to any of the relief prayed for in her Third Amended Complaint. There is no legal or factual basis for punitive and/or compensatory damages in this case. No willful violation of law or statute occurred. At all times, Defendant exhibited good faith efforts to comply with the ADA and PHRA.

**EIGHTH DEFENSE**

No employee, servant, or agent of Defendant had at any time actual, ostensible, or apparent authority or agency to discriminate against Plaintiff or otherwise harm Plaintiff.

**NINTH DEFENSE**

To the extent that any employee of Defendant acted improperly or unlawfully, that employee was acting outside the scope of his or her employment, was not acting in furtherance of Defendant's business, and was not actuated by a purpose to serve Defendant.

**TENTH DEFENSE**

Defendant would have taken the same actions and made the same decisions with respect to Plaintiff even in the absence of an alleged retaliatory motive.

**ELEVENTH DEFENSE**

All of Defendant's actions were based on legitimate, non-discriminatory reasons that were not pretextual.

**TWELFTH DEFENSE**

To the extent Plaintiff is entitled to damages, such damages are limited by statute.

**THIRTEENTH DEFENSE**

Subject to discovery, Plaintiff's claims and/or alleged damages may be barred or limited by the doctrine of after-acquired evidence.

**FOURTEENTH DEFENSE**

Defendant acted in good faith and did not violate any rights Plaintiff may be entitled to under federal or state laws, rules, regulations, or guidelines.

**FIFTEENTH DEFENSE**

Upon information and belief, and subject to discovery, Plaintiff has failed to mitigate her damages.

**SIXTEENTH DEFENSE**

Any acts or omissions by Defendant were not outrageous, reckless, or willful.

**SEVENTEENTH DEFENSE**

Plaintiff is not entitled to recover counsel fees under the PHRA. No right to punitive damages exists under the ADA or PHRA. Plaintiff is not entitled to a jury trial under the PHRA.

**EIGHTEENTH DEFENSE**

Plaintiff did not engage in any protected activity.

**NINETEENTH DEFENSE**

Subject to discovery, Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to satisfy the statutory and/or administrative prerequisites for bringing suit under the ADA or PHRA.

**TWENTIETH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because they are beyond the scope of any administrative charge filed by Plaintiff with any agency under the ADA or PHRA.

**TWENTY-FIRST DEFENSE**

Defendant denies all other allegations in the Third Amended Complaint that are not specifically admitted or otherwise responded to in this Answer and Affirmative Defenses.

**WHEREFORE**, Defendant, Penn State Health Medical Group, LLC, requests that judgment be entered in its favor and against Plaintiff, Stephanie Shapllo, and that it be awarded attorneys' fees, costs, and expenses incurred in defense of this action.

Respectfully Submitted,

*Renee C. Mattei Montgomery*

Renee C. Mattei Montgomery (PA ID 73099)
rmontgomery@eckertseamans.com
Jesse N. Zilinski (PA ID 333634)
jzilinski@eckertseamans.com
Eckert Seamans Cherin & Mellott, LLC
213 Market Street, 8th Floor
Harrisburg, PA 17101
(717) 237-7163
*Counsel for Defendant,*
*Penn State Health Medical Group, LLC*

Dated: September 2, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2026, a true and correct copy of the foregoing Answer and Affirmative Defenses on behalf of Defendant, Penn State Health Medical Group, LLC, to Plaintiff's Third Amended Complaint was served upon counsel by way of the Court's Electronic Filing System as follows:

Obinna I. Abara, Esquire
Abara Law Firm, PLLC
180A Old Swede Rd., #333
Douglassville, PA 19518
oabara@abaralaw.com

*Renee C. Mattei Montgomery*
Renee C. Mattei Montgomery